## COOLMAN v LAMM et

Ohio Appeals, 9th Dist, Summit Co

No 2503. Decided March 4, 1935

## OPINION

By TERRELL, J.
It is true there is no allegation that pay-

Willis Bacon, Akron, and Frank M. Enright, Akron, for plaintiff in error.

Rockwell, Grant, Doolittle, Thomas & Buckingham, Akron, for defendant in error Nick Lamm.

Holliday, Grossman & McAfee, Cleveland, for defendant in error The East Ohio Gas Co.

## OPINION

By STEVENS, J.

We may say that, after reading the record herein, we are unable to understand how the plaintiff in error can produce evidence which would warrant the court in reaching a conclusion contrary to that reached by the trial court.

However, although we have assiduously searched for it, we have been unable to find any authority for the procedure adopted by the trial court in rendering judgment for plaintiff before he had rested and before the defendant Coolman had been given an opportunity to be heard.

We are apprehensive that such procedure might, and probably would, lead to abuses which could not be tolerated by any reviewing court.

In the case of **Miller v Southworth et, 10 O.C.C. 572,** at p. 582, it is said:

"Mere oral admissions on the trial would not empower the court to go forward and find, as a matter of fact, that the facts so orally admitted on trial were correct: the party would have a right to contest any claim of that sort."

In the instant case the court was sitting in equity, and while it would ultimately be incumbent upon the court to pass upon the legal effect of defendant Coolman's admissions, yet said defendant was entitled to his day in court, his opportunity to explain his admissions, and to produce his evidence for whatever it might be worth. Further, defendant was entitled to the benefit of any evidence in relation to the matters involved in said admissions, which might develop from evidence offered by plaintiff, and the possibility of such development continued until plaintiff rested his case.

Said defendant was denied that right, and thereby his legal rights were invaded, to his prejudice.

We are, therefore, required to reverse this judgment, and remand the case for further proceedings in conformity to law.

The exigencies of this particular situation are such that we order this case to be forthwith assigned for trial in the Common Pleas Court, and inasmuch as it appears

that the attorneys representing the Wadsworth Bank in the foreclosure action upon Lamm's property are the same attorneys who represent Coolman in this action, we suggest to the trial court that said foreclosure action be stayed until the termination of this case.

Judgment reversed and cause remanded.

FUNK, PJ, and WASHBURN, J, concur in judgment.